

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Attorney's Office*
*50 Main Street*
*White Plains, New York 10606*

March 21, 2024

**BY ECF AND EMAIL**

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re: *United States v. Jacob Carter, et al.*, 21 Cr. 681 (NSR)

Dear Judge Román:

  The Government writes in response to defendants Anwar Salahuddin and Quadri Salahuddin's March 11, 2024 application for bail pending sentencing. (ECF No. 177.) Because the defendants have failed to demonstrate by clear and convincing evidence that they are not likely to flee, that application should be denied.[1]

  **I.**  **Background**

  As the Court is aware, on February 9, 2024, a jury convicted the defendants of wire fraud, conspiracy to commit wire fraud, and aggravated identity theft. (*See* Minute Entry for Proceedings Dated Feb. 9, 2024.) Those convictions were in connection with the defendants' role in submitting over 1,000 fraudulent COVID-19 Economic Injury Disaster Loan ("EIDL") applications to the Small Business Administration ("SBA"), which resulted in the SBA's transfer of than $8 million of EIDL advances to which the applicants were not entitled.

  At the conclusion of trial, the Government moved for remand, and the Court heard the defendants' arguments for release and granted the Government's motion. In so doing, the Court observed:

> I've had the opportunity to preside over this case from the very inception of this case, and all three defendants have questioned the authority of the Court. There is a major change of circumstance, and for all the reasons outlined by the government, I'm going to grant the application, I'm ordering all three defendants remanded pending sentencing.

Feb. 9 Tr. 1811:23-1812:3.

---

[1] The Government does not contend that the defendants pose a danger to the community.

## II. Applicable Law

Under 18 U.S.C. § 3143(a), the Court:

> [S]hall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). This statute "establishes a presumption in favor of detention," and imposes on the defendants the burden of establishing by clear and convincing evidence that they are not likely to flee or pose a danger to others. *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal.") (internal quotation marks omitted); *see United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) ("Having been found guilty of multiple felonies, [the defendant] no longer has a substantive constitutional right to bail pending sentencing.").

Although 18 U.S.C. § 3145(c), additionally provides for a defendant's release if "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate," that statute is applicable only to persons subject to detention pursuant to Sections 3143(a)(2) or (b)(2), not to persons—like Anwar and Quadri Salahuddin—subject to remand under Section 3143(a)(1). Thus, the question for the Court at this stage of the proceedings is whether the defendants have established by clear and convincing evidence that they are not likely to flee.

## III. Discussion

The answer to that question is no.

*First*, from the moment the defendants were charged in 2021 up to and through the conclusion of their trial, they have consistently questioned and attacked the authority of the Court. For example, for an entire day of trial, the defendants refused to answer any direct questions from the Court, and even refused to stand when the jury entered the courtroom, in direct contravention of the Court's directive. The defendants' express belief that they are not subject to the Court's jurisdiction and repeated refrain that the Court is not a "constitutional officer" raises serious concerns about whether they would abide by the Court's orders if released. Indeed, if the Court were to release the defendants now, there is little reason to be confident that the defendants will return for sentencing.

*Second*, the defendants face a significant term of imprisonment, including a two-year mandatory minimum sentence to run consecutive to any other sentence imposed. Based on the Government and Probation's calculations for Christal Ransom—the fourth defendant in this case, who pled guilty prior to trial to the same offenses and for the same conduct for which the defendants were convicted at trial—the defendants' offense level is 30. At criminal history category I, the defendants face 97-121 months' imprisonment before the mandatory two-year

sentence for aggravated identity theft is added consecutively to it. This prospective sentence is significant enough to provide an incentive to flee. *See United States v. Scali*, No. 16-CR-466-(NSR), 2018 WL 3410015, at *2 (S.D.N.Y. July 12, 2018), *aff'd*, 738 F. App'x 32 (2d Cir. 2018) ("Defendant's conviction of crimes with an overall guidelines range of 87-108 months is a factor that increases his risk of flight. Defendant faces the prospect of a long imprisonment that very likely may make him reluctant to willingly submit to incarceration.") (citing *United States v. Londono-Villa*, 898 F.2d at 329-30 (2d Cir. 1990)).

*Third*, as established at trial, the defendants have the means to flee. For example, at trial, the Government played a recording of Anwar Salahuddin speaking to a friend about how Quadri Salahuddin allowed a suspicious amount of cash pile up in one of his bank accounts, calling Quadri's behavior "a bad look." For his own part, Anwar sent around stacks of cash to people on Facebook to show how much money he was making from what he admitted was a "scam."

*Finally*, the defendants do not propose a bail package at all, let alone one sufficient to address the concern of risk of flight. Although the defendants' filing is styled as a petition by "concerned tribal / community family of Mount Vernon, New York" that contains twenty signatures of people who claim to "hold [them]selves accountable and responsible for the defendants['] continued appearance in court," there is no indication that a single suitable signatory is willing to put his or her own money up towards a sufficient secured or unsecured bond.

In short, the defendants have reason to flee. They have the ability to flee. And their own words and actions suggest that no combination of conditions set by the Court can address those risks.

### IV. Conclusion

For the reasons set forth above, the defendants' application for bail pending sentencing should be denied.

Sincerely,

DAMIAN WILLIAMS
United States Attorney

by: /s/ _____
    Jeffrey C. Coffman
    Courtney L. Heavey
    Jared D. Hoffman
    Assistant United States Attorneys